The opinion in support of the decision being entered today was *not* written
for publication in and is *not* binding precedent of the Board.

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

*Ex parte* IGOR GONDA, REID M. RUBSAMEN and STEPHEN J. FARR

Appeal No. 2006-1762
Application No. 09/848,774
Technology Center 3700

ON BRIEF

MAILED
SEP 07 2006
U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Before BAHR, LEVY, and FETTING, *Administrative Patent Judges.*

FETTING, *Administrative Patent Judge.*

DECISION ON APPEAL

This is a decision on appeal under 35 U.S.C. §134 from the examiner's final rejection of claims 22 through 28, which are all of the claims pending in this application.

We AFFIRM.

Appeal Number: 2006-1762
Application Number: 09/848,774

## BACKGROUND

The appellants' invention relates to an insulin inhaler. An understanding of the invention can be derived from a reading of exemplary claim 22, which is reproduced below.

22. A method for treating diabetes mellitus in a patient comprising the steps of:
   a. supplying a predetermined amount of dry insulin powder to an inhalation device;
   b. releasing a pressurized gas over the predetermined amount of dry insulin powder to create an aerosolized suspension comprising powder suspended in air, wherein the aerosolized suspension contains an amount of insulin that is 2-10 times higher than the amount needed to be absorbed in the bloodstream of the patient; and
   c. inhaling the aerosolized suspension at a flow rate and volume sufficient to allow the patient to absorb in the bloodstream a controlled dose of insulin that comprises between 1-50 units of insulin.

## PRIOR ART

The prior art references of record relied upon by the examiner in rejecting the appealed claims are:

Velasquez            5,192,548              March 9, 1993

Schenk               PCT WO 90/07351        July 12, 1990

Isselbacher et al. (ed.), Harrison's Principles of Internal Medicine, 13th Edition, Vol. 2, pp. 1986-1987, 1994 (Harrison)

## REJECTION

Rather than reiterate the conflicting viewpoints advanced by the examiner and the appellants regarding the above-noted rejection, we make reference to the examiner's answer (mailed Aug 12, 2004) for the reasoning in support of the rejection, and to appellants' brief (filed May 10, 2004) and reply brief (filed Oct 12, 2004) for the arguments thereagainst.

Claims 22 through 38 stand rejected under 35 U.S.C. § 103 as obvious over Schenk in view of Velasquez.

Appeal Number: 2006-1762
Application Number: 09/848,774

OPINION

In reaching our decision in this appeal, we have given careful consideration to appellants' specification and claims, to the applied prior art references, and to the respective positions articulated by appellants and the examiner. As a consequence of our review, we make the determinations that follow.

### Claims 22 through 38 rejected under 35 U.S.C. § 103 as obvious over Schenk in view of Velasquez.

As to claims 22 and 23, the appellants argue that the art fails to show the claim elements of "the aerosolized suspension contains an amount of insulin that is 2-10 times higher than the amount needed to be absorbed in the bloodstream of the patient" and "inhaling the aerosolized suspension at a flow rate and volume sufficient to allow the patient to absorb in the bloodstream a controlled dose of insulin that comprises between 1-50 units of insulin." [See Brief at p. 13]. The appellants go on to argue that the law does not recognize an "obvious to try"/ "routine experimentation" standard for proof of obviousness. [See Brief at p. 14].

The examiner responds that the claimed dose of 1-50 units is that which is administered to patients in typical administration, as evidenced by Harrison. The examiner goes on to argue that the examiner has not applied an "obvious to try" argument, but has applied the taught application of Velasquez' insulin powder to Schenk's inhaler, and that a person of ordinary skill in the art would know the standard guidelines for the number of units that are needed to be absorbed and would adjust the amount inhaled to achieve that amount accordingly. The examiner also responds that a person of ordinary skill in the art would know that the amount of aerolized suspension would have to be substantially higher than the amount needed to be absorbed and that the specification shows no criticality for the range of 2-10 times the amount. [See Answer at p. 5-8]

The appellants responded that neither reference discloses delivery to the bloodstream through inhalation let alone in controlled doses. [See Reply Brief at p. 5-6]. The appellants further argue that any guidelines that might be found in the art, including Harrison, refer to injected rather than inhaled insulin. [See Reply Brief at p. 6].

3

Appeal Number: 2006-1762
Application Number: 09/848,774

We first note that none of the claims contain limitations specifying structural characteristics that control the amount of insulin inhaled or actually absorbed. Instead, the claims recite the results to be achieved, *viz.* the amount to be inhaled and absorbed, and are consequently broad enough to embrace any technique for achieving those amounts. We further note that the ranges specified in the claims for such amounts are very broad, suggesting minimal criticality for any particular subset of such ranges.

As to the limitation regarding the number of units to be absorbed, we further note that the appellants' disclosure supports the examiner's finding that an absorption of 1-50 units would be that which a person of ordinary skill in the art would ordinarily use. [See Specification at p. 21]. This recitation confirms the findings of the examiner as to the evidentiary value of Harrison's recitation of amounts. Therefore, we find the appellants' arguments as to the limitation of an absorption of 1-50 units to be unpersuasive.

As to the limitation regarding the amount of insulin in the aerosolized suspension, we next note that with inhaled substances, it is known to a person of ordinary skill in the art that not all of the amount that is inhaled will be absorbed. The fraction that will be absorbed relative to the total amount inhaled is referred to in the art as the "respirable fraction". We note that Velasquez describes the range that such respirable fractions may embrace for the various medicaments it describes at col. 5 lines 7-15. Velasquez mentions the fraction may be in the range of 10% to 65%. Taking the inverse of this range to determine the amount of medicament that would need to be inhaled yields a range of 1.54 to 10 times the amount needed to be absorbed, which we note substantially overlaps the claimed range of 2 to 10 times. Therefore, we find the appellants' arguments as to the claim limitation of "the aerosolized suspension contains an amount of insulin that is 2- 10 times higher than the amount needed to be absorbed in the bloodstream of the patient" to be unpersuasive.

We next note that medicament that is inhaled is absorbed into the blood stream by the lungs. Therefore, we find the appellants' arguments as to the claim being toward delivery through inhalation rather than to the bloodstream to be unpersuasive.

We next note that the appellants make much of the argument that the applied art fails to show how insulin is to be inhaled in controlled delivery. However, we note that, contrary to this

4

argument by the appellants, both applied references describe structural devices to precisely control the amount of a medicament delivered. Velasquez resorts to precise measuring of small amounts in equal sized depressions for use in an inhaler. Schenk resorts to a metering chamber. To the extent the appellants mean to argue that neither reference teaches how to translate those structural controls into the precise amounts of insulin needed to be deposited for inhalation, we again note the broad ranges both disclosed and claimed in the appellants' application that suggest the precise amount is not critical to the invention, or more properly, the precise amount is highly dependent on the individual patient and therefore cannot be claimed with precision. Again, we note that the appellants' disclosure at p. 21 supports this high degree of variability among patients. We further note that the claim does not recite any structural mechanism for precisely matching the amounts of insulin with the patient. Therefore the appellants' arguments that neither reference teaches how to translate those structural controls into the precise amounts of insulin needed to be deposited for inhalation are unpersuasive.

We further note that the appellants have attempted to portray the examiner's rejection as an obvious to try application, followed by an admonition that the law does not support such a theory. However, our reviewing court has stated that "it is not inventive to discover the optimum or workable ranges by routine experimentation." *In re Geisler*, 116 F.3d 1465, 43 USPQ2d 1362 (Fed. Cir. 1997). Therefore, we find the appellant's arguments as to such optimization to be unpersuasive.

As to claims 25, 26, 31 and 35, the appellants repeat the above arguments and they are equally unpersuasive as to these claims. The appellants further argue claim limitations of repetition (claim 25, 26 and 31 - [See Brief at p. 14-17]) and of lowering the glucose level to an acceptable level (claim 31 - [See Brief at p. 16]) and of controlling the glucose levels (claims 25, 26, 31 and 35 - [See Brief at p. 14-17]). We note Shenk's inhaler is inherently repeatable in operation, and that the lowering of glucose levels to an acceptable level and controlling the glucose levels are both highly dependent upon the particular patient and a person of ordinary skill in the art would monitor the patient's vital statistics to achieve the desired result in view of the high variability among patients as a matter of course. Therefore, we find the appellant's arguments to be unpersuasive.

Appeal Number: 2006-1762
Application Number: 09/848,774

As to the remaining claims, the appellants present no arguments to them separate from those indicated above, and therefore those claims stand or fall with claim 22.

Accordingly we sustain the examiner's rejection of claims 22 through 38 rejected under 35 U.S.C. § 103 as obvious over Schenk in view of Velasquez.

## REMARKS

We note that the phrase "respirable fraction" is a term of art that may be pertinent in resolving any further patentability issues concerning the amount of a medicament needed to be inhaled to achieve appropriate absorption.

## CONCLUSION

To summarize,

- The rejection of claims 22 through 38 rejected under 35 U.S.C. § 103 as obvious over Schenk in view of Velasquez is sustained.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 CFR § 1.136 (a) (1) (iv).

Appeal Number: 2006-1762
Application Number: 09/848,774

### AFFIRMED

JENNIFER D. BAHR
Administrative Patent Judge

STUART S. LEVY
Administrative Patent Judge

ANTON W. FETTING
Administrative Patent Judge

) BOARD OF PATENT
)     APPEALS
)       AND
)   INTERFERENCES
)

NOVO NORDISK, INC.
PATENT DEPARTMENT
100 COLLEGE ROAD WEST
PRINCETON, NJ 08540

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOVO NORDISK A/S
Novo Allé 1
2880 Bagsværd
DENMARK

      Plaintiff,

v.

Hon. JON W. DUDAS,
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office
600 Dulany Street
Alexandria, Virginia 22314

      Defendant.

C.A. No. _____

**COMPLAINT TO AUTHORIZE THE DIRECTOR TO ISSUE LETTERS PATENT**

Plaintiff Novo Nordisk A/S, by its attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the patent laws of the United States and seeks a judicial review of a decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences.

2. This Court has original jurisdiction pursuant to Title 35, United States Code, § 145. Jurisdiction in this Court is also proper under Title 28, United States Code, §§ 1331 and 1338(a).

3. Venue in the United States District Court for the District of Columbia is the appropriate venue for this action, pursuant to Title 35, United States Code, § 145.

**THE PARTIES**

4. The plaintiff Novo Nordisk A/S ("Novo") is a corporation organized and existing under the laws of the Kingdom of Denmark, and has its principal place of business at Novo Allé 1, 2880 Bagsværd, Denmark.

5. The defendant is the Honorable Jon W. Dudas, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (the "PTO"), having offices at 600 Dulany Street, Alexandria, Virginia 22314.

**GENERAL ALLEGATIONS**

6. Novo is the sole owner of patent application Serial No. 09/848,774 ("the '774 application") titled "A Method of Treating Diabetes Mellitus in a Patient," which is the subject matter of this dispute. Novo acquired the '774 application by virtue of an assignment by and from Aradigm Corporation ("Aradigm"), which was the previous owner of the '774 application by virtue of an assignment by and from the application's sole inventors Igor Gonda, Reid M. Rubsamen and Stephen J. Farr (collectively, "the inventors").

7. The '774 application was filed in the PTO on May 3, 2001. As presently amended, the '774 application contains claims 22-23, 25-26, 31 and 35 which are pending (the "pending claims").

8. On April 15, 2003, the PTO issued a second Official Action in which the primary examiner rejected the pending claims as unpatentable pursuant to 35 U.S.C. § 103(a). In making this rejection, the Examiner cited and relied upon the following references: (a) International

Patent Publication No. WO 90/07351 by Schenk *et al.* ("Schenk"); and (b) U.S. Patent No. 5,192,548 by Velasquez *et al.* ("Velasquez").

9. The '774 Applicants duly and timely appealed from the primary examiner's rejection to the PTO Board of Patent Appeals and Interferences (the "Board"), pursuant to Title 35, United States Code, § 134(a). On September 7, 2006, the Board issued a Decision on Appeal wherein it sustained and affirmed the rejection of the pending claims under 35 U.S.C. § 103 as obvious over Schenk in view of Velasquez.

10. The PTO failed to apply and comply with the applicable case law and the PTO's statutory and regulatory requirements in its examination of the '774 patent, in reviewing the Patent Examiner's actions and, ultimately, in refusing to issue a patent on the invention defined by the '774 application's pending claims.

11. The PTO made reversible errors of fact and law during its administrative examination and review of the '774 application. Specifically, the PTO erred in rejecting the '774 application's pending claims under 35 U.S.C. § 103(a) as obvious over Schenk in view of Velasquez. The PTO's errors included a failure to apply the correct legal standards for obviousness during its examination and review, and a failure to give proper consideration to the evidence of record.

12. Plaintiff has not appealed to the United States Court of Appeals for the Federal Circuit from the Board's decision affirming the Examiner's rejection of the pending claims. This complaint is being filed within two months of the Board's Decision on Appeal and in accordance with 37 C.F.R. § 1.304(a) and 35 U.S.C. § 145.

13. All of the '774 application's pending claims satisfy the applicable statutory and regulatory requirements, and are patentable. Novo, as the assignee of the '774 application, is entitled to an issued patent for the invention claimed in the '774 application.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Judgment be entered for Plaintiff, and that Plaintiff be granted the following relief:

A. Judgment that Plaintiff is entitled to receive a Letters Patent for the invention as described and claimed in the '774 application, in due form of law as prescribed by the Patent Statute, Title 35, United States Code, § 1 *et seq*.

B. Judgment pursuant to Title 35, United States Code, § 145, authorizing the Director of the United States Patent and Trademark Office to issue a Letters Patent on the invention described and claimed in the '774 patent in due form of law and as prescribed by the Patent Statute, Title 35, United States Code, § 1 *et seq*.

C. Such other and further relief as this Court may deem just and proper.

-5-

Respectfully submitted,

Dated:    November 7, 2006

_____
Margaret K. Pfeiffer (D.C. Bar No. 358,723)
**SULLIVAN & CROMWELL LLP**
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5805
Tel.   (202) 956-7500
Fax.   (202) 956-6330
*Attorneys for Plaintiff Novo Nordisk A/S*

OF COUNSEL:
Joseph R. Robinson
Robert Schaffer
Steven Lipman  (D.C. Bar No. 216,945)
Cameron Elliot (D.C. Bar No. 461,875)
Samuel S. Woodley
**DARBY & DARBY P.C.**
805 Third Avenue
New York, New York 10022
Tel.    (212) 527-7700
Fax    (212) 527-7701

Dated:   November 7, 2006

Respectfully submitted,

*[signature]*

Margaret K. Pfeiffer (D.C. Bar No. 358,723)
**SULLIVAN & CROMWELL LLP**
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5805
Tel.   (202) 956-7500
Fax.   (202) 956-6330
*Attorneys for Plaintiff Novo Nordisk A/S*

OF COUNSEL:
Joseph R. Robinson
Robert Schaffer
Steven Lipman  (D.C. Bar No. 216,945)
Cameron Elliot (D.C. Bar No. 461,875)
Samuel S. Woodley
**DARBY & DARBY P.C.**
805 Third Avenue
New York, New York 10022
Tel.   (212) 527-7700
Fax   (212) 527-7701

Case 1:06-cv-01896-CKK    Document 1-3    Filed 11/07/2006    Page 1 of 2    E
06-1896
CKK

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS
NOVO NORDISK A/S
Novo Allé 1
2880 Bagsvaerd
DENMARK

99999

### DEFENDANTS
Hon. JON W. DUDAS,
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Margaret K. Pfeiffer
Susan Kaufmann Nash
Sullivan & Cromwell LLP
1701 Pennsylvania Avenue, N.W.
Washington, District of Columbia 20006-5805
Phone +1-202-956-7500
Fax +1-202-293-6330

CASE NUMBER    1:06CV01896

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: General Civil

DATE STAMP: 11/07/2006

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊗ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF...ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

⊗ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

⊗ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Judicial review of a decision of the USPTO Board of Patent Appeals and Interferences under Title 35, United States Code, § 145.   35 USC § 145

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE November 7, 2006   SIGNATURE OF ATTORNEY OF RECORD _Margaret Wu_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.