UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVO NORDISK A/S, <br><br> Plaintiff, <br> v. <br><br> JON W. DUDAS <br> Under Secretary of Commerce for <br> Intellectual Property and <br> Director of the United States Patent <br> & Trademark Office, <br><br> Defendant. | Case No: 06-1896 (CKK) |

## ANSWER

Defendant, Jon W. Dudas, by and through his undersigned attorneys, hereby answers the Plaintiff's complaint as follows:

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Pending claims 22-23, 25-26, 31 and 35 of patent application U.S. Serial No. 09/848,774 (the '774 application) are unpatentable.

#### Second Affirmative Defense

Plaintiff is not entitled to an award of attorney's fees in this matter, and indeed, pursuant to 35 U.S.C. § 145, plaintiff is obliged to pay defendant's expenses.

#### Third Affirmative Defense

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation into the matters alleged.

**SPECIFIC RESPONSES**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

1. This paragraph contains Plaintiff's characterization of the instant action, and conclusions of law, to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

2. This paragraph contains Plaintiff's allegations regarding jurisdiction, to which no response is required. To the extent that they may be deemed allegations of fact, they are denied.

3. This paragraph contains Plaintiff's allegations regarding venue, to which no response is required. To the extent they may be deemed allegations of fact, they are denied.

4. Defendant is without information sufficient to admit or deny the allegations contained within this paragraph.

5. Defendant admits the allegations contained within this paragraph.

6. Defendant is without information sufficient to admit or deny the allegations contained within the first sentence of this paragraph. Defendant admits that Igor Gonda, Reid M. Rubsamen and Stephen J. Farr assigned their interests in the '774 application to Aradigm Corp. (Aradigm), and that Aradigm assigned its interests in the application to Novo Nordisk A/S (Nordisk).

7. Defendant admits the allegations contained within this paragraph.

8. Defendant admits the allegations contained within this paragraph.

9. The allegations contained within the first sentence of this paragraph constitute conclusions of law to which no response is required. To the extent that they may be deemed

allegations of fact, they are denied. Defendant admits the allegations contained within the second sentence of this paragraph.

10. Defendant denies the allegations contained within this paragraph.

11. Defendant denies the allegations contained within this paragraph.

12. Defendant is without information sufficient to admit or deny the factual allegations contained within the first sentence of this paragraph. The allegations within the second sentence of this paragraph contain conclusions of law, to which no response is required. To the extent that they may be deemed allegations of fact, they are denied. To the extent the Plaintiff alleges that his complaint was filed within two months of the decision of the Board of Patent Appeals and Interferences (the Board) in the '774 application, Defendant is without information sufficient to admit or deny the allegations except to state that the Board's decision issued on September 7, 2006 and that the Court's docket speaks for itself.

13. Defendant denies the allegations contained within this paragraph.

The paragraphs following Paragraph 13 of the Complaint constitute a prayer for relief, to which no answer is required. Defendant nonetheless denies that Plaintiff is entitled to the relief set forth or to any relief whatsoever.

Defendant denies any remaining allegations not specifically admitted above.

WHEREFORE, Defendant requests the Court to enter a judgment:

a. Dismissing the Complaint against Defendant with prejudice;

b.. Awarding Defendant compensation pursuant to 35 U.S.C. § 145 for all expenses incurred in defending this action; and

c. Awarding Defendant such and other further relief as the Court deems just,

equitable and proper.

                                      Respectfully submitted,

                                      ___/s/_____
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                                      United States Attorney

                                      ___/s/_____
                                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                                      Assistant United States Attorney

                                      ___/s/_____
                                      QUAN K. LUONG
                                      Special Assistant United States Attorney
                                      555 Fourth Street, N.W., Room E-4417
                                      Washington, D.C. 20530
                                      (202) 514-9150 (telephone)
                                      (202) 514-8780 (facsimile)

OF COUNSEL:

Benjamin Wood
Mary L. Kelly
Associate Solicitors
U.S. Patent & Trademark Office