UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVO NORDISK A/S | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No: 06-1896 (CKK) |
| | ) |
| JON W. DUDAS | ) |
| Under Secretary of Commerce for | ) |
| Intellectual Property and | ) |
| Director of the United States Patent | ) |
| & Trademark Office, | ) |
| | ) |
| Defendant. | ) |

**JOINT REPORT ON CONFERENCE OF PARTIES FOR
LOCAL RULE 16.3 MEETING**

The conference of parties was held by telephone on Wednesday, June 6, 2007 and during periodic follow-up conversations. Attending the initial conference on behalf of plaintiff Novo Nordisk A/S ("Novo") were Margaret K. Pfeiffer and Susan Nash of Sullivan and Cromwell, LLP. Attending the initial conference on behalf of defendant John W. Dudas, United States Patent & Trademark Office ("USPTO"), was Quan K. Luong of the United States Attorney's Office, Washington, D.C. The Parties decided to submit a joint statement for the convenience of the Court. The Parties have worked diligently together to meet this Court's schedule.

**BRIEF STATEMENT OF THE CASE**

This civil action is brought by Novo Nordisk, A/S ("Novo"), a corporation organized and existing under the laws of Denmark, against the Honorable Jon W. Dudas, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, under 35 U.S.C. § 145. This action involves Novo's patent application Serial No.

09/848,774 (the '774 application), which currently contains claims 22-23, 25-26, 31, and 35 ("the pending claims"). The Director, acting first through the United States Patent and Trademark Office ("PTO") primary examiner, examined the '774 application and rejected all of the pending claims under 35 U.S.C. § 103(a), as obvious in view of two cited references, International Patent Publication No. WO 90/07351 by Schenk et al. and U.S. Letters Patent No. 5,192,548 by Velasquez et al. Then, the Director, acting through the PTO Board of Patent Appeals and Interferences (the "Board"), sustained and affirmed the examiner's rejection of the pending claims on the same basis, and gave its own reasons for reaching that conclusion.

Plaintiff's Statement of Case

In Section 145 actions, this court makes *de novo* factual findings if new evidence is presented, or previously submitted evidence is "supplemented or introduced through live testimony," on disputed issues of fact. *Mazzari* v. *Rogan*, 323 F.3d 1000, 1004 (Fed. Cir. 2003). Legal conclusions, such as the final determination of obviousness, are decided *de novo*. 5 U.S.C. § 706. No applicable case law limits Novo's right to introduce evidence that it proposes in this action. Novo's position is that the PTO committed reversible error in its examination of the '774 application and its review of the patent examiner's actions by failing to give proper consideration to the factual evidence of record, making erroneous and unsupported findings of fact, and failing to apply the correct legal standards for obviousness. Thus the pending claims are patentable because the two cited references do not render the invention obvious. The rejections should be withdrawn and judgment should be entered that Novo is entitled to a patent for the invention as specified in the pending claims of the '774 application. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

Defendant's Statement of Case

The USPTO properly determined that Novo's claims are obvious and, thus, unpatentable in view of the combined teachings of Schenk and Velasquez, which the USPTO expressly found teach each element of Novo's claims. Obviousness "is a legal conclusion based on underlying findings of fact." *In re Thrift*, 298 F.3d 1357, 1363 (Fed. Cir. 2002) (quoting *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000)). Although the ultimate determination of obviousness is reviewed without deference, the USPTO's factual determinations must be upheld if they are supported by substantial evidence. *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1312 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

This action, in essence, is an appeal of an agency action and is reviewed primarily on the administrative record. *Hyatt v Dudas*, 393 F. Supp.2d 1, 12 (D.D.C. 2005); *Mazzari v. Rogan*, 323 F.3d 1000, 1005 (Fed. Cir. 2003). To the extent that Novo may have a right to enter new evidence in a Section 145 action, courts in the District of Columbia have limited this entitlement. For example, "courts in such actions refuse to admit evidence submitted to support 'new' arguments – that is, those not raised before the Examiner or the Board." *Hyatt v. Dudas*, No. 03-CV-00901-HHK at 9-10 (D.D.C. Sept. 30, 2005) (quoting *DeSeversky v. Brenner*, 424 F.2d 857, 858 (D.C. Cir. 1970)); *see also In re Watts*, 354 F.3d 1362, 1367 (Fed. Cir. 2004). Further, courts have excluded new evidence in Section 145 actions if it was available to the parties, but was negligently withheld from the USPTO. *Hyatt v. Dudas*, No. 03-CV-00901-HHK at 5-6 (D.D.C. Sept. 30, 2006) (citing *Cal. Research Corp. v. Ladd*, 356 F.2d 813, 21 n. 18 (D.C. Cir. 1966); *DeSeversky*, 424 F.2d at 858 n.5).

# REPORT ON SPECIFIC SUBJECTS DISCUSSED AT THE
# CONFERENCE OF PARTIES

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The Parties have not filed any dispositive motions to date. The Parties believe there is a reasonable possibility of disposing of the case by motion for summary judgment.

<u>Plaintiff's Position</u>

Novo proposes that discovery proceed immediately from the date of the Initial Scheduling Conference, June 26, 2007, and run for ninety (90) days until September 24, 2007. Novo believes that the issues have been sufficiently framed in the administrative record and that summary judgment should await the end of discovery as discussed in paragraph six (6).

<u>Defendant's Position</u>

Defendant believes that this case will likely be narrowed or resolved by summary judgment and that there is no need for discovery until after the court decides summary judgment motions as discussed in paragraph six (6).

**2.     The date by which any other parties shall be joined or the pleadings amended, and some or all the factual and legal issues can be agreed upon or narrowed.**

At this time, the Parties do not anticipate adding any additional parties or amending the pleadings. However, in the event that the Parties seek to add parties or amend pleadings, the Parties agree to do so by July 31, 2007.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not consent to the assignment of a magistrate judge.

**4.      Whether there is a realistic possibility of settling the case.**

The Parties are open to the possibility of settlement discussions, but do not believe that settlement is likely at this time.

**5.      Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel should consider:**

      **(i)**     the client's goals in bringing or defending the litigation;
      **(ii)**    whether settlement talks have already occurred and, if so, why they did not produce an agreement;
      **(iii)**   the point during the litigation when ADR would be most appropriate, with special consideration given to:
            **(aa)**   whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
            **(bb)**   whether ADR should take place before or after the judicial resolution of key legal issues;
      **(iv)**   whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
      **(v)**    whether cost savings or any other practical advantage would flow from a stay of discovery or other pre-trial proceedings while an ADR process is pending.

The Parties are open to the possibility of ADR, but they do not believe that ADR would be productive at this time. The Parties are willing to consider ADR in the future if they conclude that there is a reasonable chance that it will be productive.

**6.      Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions and replies; and proposed dates for a decision on the motions.**

As discussed above, the Parties believe there is a reasonable possibility of disposing of the case by motion for summary judgment.

Plaintiff's Position

Novo believes that the briefing schedule for summary judgment is a matter for discussion during the Initial Scheduling Conference. Novo filed this Section 145 action to utilize the opportunity to present additional evidence. Filing summary judgment motions based on the administrative record prior to discovery would defeat this purpose, and would require this Court to decide the motions without the benefit of information to be presented at trial. The issues in this case have already been framed by the record and therefore Novo proposes that summary judgment motions be filed after completion of a discovery period to last ninety (90) days with the following briefing schedule:

| | |
|---|---|
| Summary Judgment Motions | October 22, 2007 |
| Oppositions to Summary Judgment Motions | November 5, 2007 |
| Replies in Support of Summary Judgment Motions | November 20, 2007 |

Defendant's Position

Defendant believes that this case will likely be narrowed or resolved by summary judgment and that there is no need for discovery until after the Court decides summary judgment motions. Should the Court agree that discovery should be stayed, Defendant proposes the following briefing schedule:

| | |
|---|---|
| Summary Judgment Motions | September 17, 2007 |
| Oppositions to Summary Judgment Motions | October 17, 2007 |
| Replies in Support of Summary Judgment Motions | November 1, 2007 |

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), FRCP, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties agree to stipulate to dispensing with initial disclosures.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Plaintiff's Position

Novo believes that the discovery schedule is a matter for discussion at the Initial Scheduling Conference. Novo proposes that discovery commence immediately following the Initial Scheduling Conference, and run ninety (90) days until September 24, 2007. Novo anticipates that the scope of discovery will include written discovery, and depositions of any expert witnesses that the Parties intend to call, and may include written discovery and depositions of (one or two) inventors or fact witnesses. Novo advises that it may seek a protective order at some point in the future. Novo reserves the right to object to any new evidence that Defendant may seek to introduce.

Novo objects to Defendant's proposal that discovery be stayed pending this Court's decision on summary judgment motions, as discussed in paragraph six (6). Because the purpose of Section 145 actions is to afford the applicant an opportunity to present new evidence, Novo believes that Defendant's reservation of rights to object to the admission of new evidence is premature. Novo would oppose any such motion when raised.

Defendant's Position

Defendant believes that this case will likely be narrowed or resolved by summary judgment and that there is no need for discovery until after the Court decides summary judgment

motions. Given the likelihood that summary judgment may narrow or resolve the issues, Defendant believes that engaging in lengthy and time consuming discovery would not be an efficient use of the Parties' time and resources. Moreover, it is Defendant's understanding that Plaintiff seeks discovery for purposes related to new evidence that it seeks to introduce. Defendant objects to this new evidence and believes that it is inadmissible before this Court. Engaging in discovery on matters that are not otherwise admissible is also an inefficient use of the Parties' time and resources.

In the event that summary judgment does not resolve this matter, Defendant agrees that ninety (90) days is an appropriate amount of time to conduct discovery and proposes that discovery commence immediately following the Court's rulings on summary judgment motions. Defendant, however, reserves the right to object to any new evidence that Plaintiff may seek to introduce and any discovery related to such evidence and advises that it may seek a motion in limine on any such new evidence.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), FRCP, should be modified, and whether and when depositions of experts should occur.**

Plaintiff's Position

Novo believes that the issue of the schedule for the exchange of witness reports is also one for discussion at the Initial Scheduling Conference. Novo disagrees with Defendant's interpretation of the law that expert witness reports and perhaps other testimony are inadmissible, and proposes the following schedule:

    Plaintiff's Witness Reports        August 30, 2007

    Defendant's Witness Reports     September 10, 2007

Defendant's Position

As discussed above, Defendant believes that this case will likely be narrowed or resolved by summary judgment and that there is no need for discovery, including the exchange of expert witness reports, which the Defendant believes are inadmissible. If, however, the Court deems discovery necessary, Defendant believes that discovery should be stayed pending a decision on summary judgment.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

   The Parties agree that this provision is not applicable.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

   At this point, the Parties do not foresee any issues suitable for bifurcation.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

   Plaintiff wishes to set a specific date for the pretrial conference and proposes January 4, 2008. Defendant believes that a date for a pre-trial conference can be set during the status conference set forth in paragraph fourteen (14).

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference**.

   Plaintiff wishes to set a specific date for trial and proposes February 4, 2008. Defendant believes that a trial date, if necessary, can be set during the pre-trial conference.

**14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

In the event that summary judgment does not resolve this complaint, Defendant believes that a status conference should be held within thirty (30) days from the Court's ruling on summary judgment.

| | |
|---|---|
| For Plaintiff: | Respectfully submitted, |
| Dated: June 21, 2007 | _____  /s/_____ <br> Margaret K. Pfeiffer (D.C. Bar No. 358,723) <br> SULLIVAN & CROMWELL LLP <br> 1701 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20006-5805 <br> Tel.   (202) 956-7500 <br> Fax.   (202) 956-6330 |

OF COUNSEL:
Joseph R. Robinson
Robert Schaffer
Steven Lipman (D.C. Bar No. 216,945)
Cameron Elliot (D.C. Bar No. 461,875)
Samuel S. Woodley
**DARBY & DARBY P.C.**
805 THIRD Avenue
New York, New York 10022
Tel.   (212) 527-7700
Fax    (212) 527-7701

| | |
|---|---|
| For Defendant: | Respectfully submitted, |
| Dated: June 21, 2007 | \_\_\_\_\_/s/_____ <br> JEFFREY A. TAYLOR, D.C. BAR # 498610 <br> United States Attorney <br> <br> \_\_\_\_\_/s/_____ <br> RUDOLPH CONTRERAS, D.C. BAR # 434122 <br> Assistant United States Attorney <br> <br> \_\_\_\_\_/s/_____ <br> QUAN K. LUONG |

Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

OF COUNSEL:
Benjamin Wood
Mary L. Kelly
Associate Solicitors
U.S. Patent & Trademark Office

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVO NORDISK A/S, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JON W. DUDAS )<br>   Under Secretary of Commerce for )<br>   Intellectual Property and )<br>   Director of the United States Patent )<br>   & Trademark Office, )<br>)<br>Defendant. )<br>) | Case No: 06-1896 (CKK) |

## NOVO NORDISK'S PROPOSED SCHEDULING ORDER

This matter comes before the Court on the Parties' Joint Report on Conference of Parties for Local Rule 16.3 Meeting. Upon consideration of the report, it is by the Court this ____ day of _____, 2007, hereby

ORDERED that the following schedule shall govern further proceedings in this matter:

| | |
|---|---|
| Joinder of Additional Parties or Amended Pleadings: | July 31, 2007 |
| Submission of Plaintiff's Expert Reports: | August 30, 2007 |
| Submission of Defendant's Expert Reports: | September 10, 2007 |
| Completion of all Discovery: | September 24, 2007 |
| Summary Judgment Motions: | October 22, 2007 |
| Oppositions to Summary Judgment Motions: | November 5, 2007 |
| Replies in Support of Summary Judgment Motions: | November 20, 2007 |
| Pre-Trial Conference: | January 4, 2008 |

Trial: February 4, 2008

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NOVO NORDISK A/S | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 06-1896 (CKK) |
| | ) | |
| JON W. DUDAS | ) | |
| Under Secretary of Commerce for Intellectual Property and Director of the United States Patent & Trademark Office, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S PROPOSED SCHEDULING ORDER</u>**

This matter comes before the Court on the Parties' Joint Report on Conference of Parties for Local Rule 16.3 Meeting. Upon consideration of the report, it is by the Court this ____ day of _____, 2007, hereby

ORDERED that the following schedule shall govern further proceedings in this matter:

Summary Judgment Motions:                              September 17, 2007

Oppositions to Summary Judgment Motions:               October 17, 2007

Replies in Support of Summary Judgment Motions:        November 1, 2007


_____
UNITED STATES DISTRICT JUDGE