UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOVO NORDISK A/S,<br><br>　Plaintiff,<br><br>　　v.<br><br>JON W. DUDAS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent & Trademark Office<br><br>　Defendant. | Civil Action No. 06–1896 (CKK) |

**ORDER**
(October 19, 2007)

Plaintiff brings this action pursuant to 35 U.S.C. § 145 against Defendant, Jon W. Dudas, in his capacity as Director of the United States Patent and Trademark Office ("PTO"), seeking the issuance of a patent. Currently pending before the Court is the [17] Motion Regarding The Scope of Discovery filed by Plaintiff, Novo Nordisk A/S ("Plaintiff" or "Novo"). For the reasons discussed below, the Court shall grant Novo's Motion and shall allow the parties a period of 120 days in which to conduct discovery. The Court shall set forth the relevant deadlines for discovery in an accompanying Revised Scheduling and Procedures Order.

The parties agree that a Section 145 action is a hybrid proceeding that provides for review of the decision rendered by the Board of Patent Appeals and Interferences through a trial *de novo*, a well as consideration of the PTO record. *MacKay v. Quigg*, 641 F. Supp. 567, 569 (D.D.C. 1986) (quoting *Monsanto Co. v. Kamp*, 269 F. Supp. 818, 822 (D.D.C. 1967)). Furthermore, in a Section 145 action, the parties are entitled to submit additional evidence that was not presented

to the PTO, subject to certain limitations. *See Dickinson v. Zurko*, 527 U.S. 150, 165 (1999); *Mazzari v. Rogan*, 323 F.3d 1000, 1004 (Fed. Cir. 2003); *Fregeau v. Mossinghoff*, 776 F.2d 1034, 1036-37 (Fed. Cir. 1985). It therefore follows–and courts have held–that parties may take discovery in Section 145 actions. *See Hyatt v. Dudas*, Civil Action No. 04-01802 (HHK), Mem. Op. and Order (D.D.C. Sept. 17, 2005), Slip Op. at 4 (citing *In re Newman*, 782 F.2d 971, 974 (Fed. Cir. 1986); *Boeing v. Comm'r of Patents and Trademarks*, 853 F.2d 878, 879 (Fed. Cir. 1988); *In re Newman*, 763 F.2d 407, 409 (Fed. Cir. 1985)). Such discovery is governed by Rule 26 of the Federal Rules of Civil Procedure, *see id.*, which provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party," and that "[r]elevant information need not be admissible at the trial if it appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The PTO opposes Novo's efforts to conduct discovery in this action, asserting that Novo "seeks to conduct discovery related to evidence and issues that it did not, but could have, submitted or raised to the PTO." Def.'s Opp'n at 1. However, Novo itself asserts that it "does not expect to seek discovery other than that necessary to determine whether the PTO intends to rely on any evidence outside the PTO record and, if so, what that evidence is." Pl.'s Mem. at 14. Specifically, Novo asserts that, although the PTO has informally advised Novo that it intends to rely solely on the PTO Record, at least for purposes of summary judgment motions, the "PTO has not committed to sole reliance on the PTO record . . . and opposes Novo's right to obtain interrogatory responses or admissions regarding the evidence on which the PTO will rely in defending this action." *Id.* at 1 n.2. The PTO's Opposition neither disavows an intent to introduce evidence beyond the PTO record nor indicates whether it would, in turn, seek to conduct discovery of Novo if permitted to do so. Rather, the PTO's assertions go to the ultimate

question of whether certain areas of evidence will be admissible at trial in this action. Although almost the entirety of the parties' briefing is devoted to that question, it is premature for the Court to address the ultimate issue of admissibility at this time, because pursuant to Federal Rule of Civil Procedure 26(b)(1), evidence need not be admissible in order to be discoverable.

The Court therefore concludes that Novo is entitled to take discovery regarding the scope of evidence that the PTO would seek to introduce in this Section 145 action. While Novo requests a 90-day discovery period, the PTO asserts that a 120-day period is necessary for the parties to complete discovery. The Court shall therefore allow the parties a period of 120 days in which to conduct discovery, and shall set forth the relevant discovery deadlines in an accompanying Revised Scheduling and Procedures Order.

Accordingly, it is, this 19th day of October 2007, hereby

**ORDERED** that Novo's [17] Motion Regarding the Scope of Discovery is GRANTED. The parties shall be allowed a period of 120 days in which to take discovery in this action, which shall conclude on February 18, 2007. A Revised Scheduling and Procedures Order accompanies this Order.

                                                          /s/
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge