UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOVO NORDISK A/S,

   Plaintiff,

     v.

JON W. DUDAS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent & Trademark Office

   Defendant.

Civil Action No. 06–1896 (CKK)

**ORDER**
(May 28, 2008)

The Court has reviewed Plaintiff, Novo Nordisk A/S' [32] Motion for a Consented-To Extension of Time to Respond to Defendant USPTO's Combined Motion for Summary Judgment and Opposition to the Motion for Summary Judgment of Plaintiff Novo Nordisk A/S. Novo's Motion for an Extension is premised upon its assertion that the USPTO's Response to Novo's Statement of Material Facts submitted in support of its Motion for Summary Judgment fails to comply with Local Civil Rules 7(h) and 56.1, as well as with this Court's October 19, 2007 Revised Scheduling and Procedures Order, which provides instructions regarding compliance with the Local Civil Rules, *see* Docket No. [22].  Upon receiving Novo's motion, the Court conducted a summary review of the USPTO's Response, *see* Docket No. [30-2], as well as Novo's own opening Statement of Material Facts, *see* Docket No. [27] at 41-74.  The Court agrees with Novo's assertion that the USPTO's Response does not comply with the Local Civil Rules and this Court's Order–for instance, it fails to succinctly admit or deny facts set forth in

Novo's opening Statement and makes numerous legal arguments. *See, e.g.*, Docket No. [30-2] at 5-6 (legal argument extending over one page in length). However, the Court finds that Novo's own opening Statement similarly fails to comply with the Local Civil Rules and with this Court's Order. Novo's Statement appears to include numerous instances of legal arguments, *see, e.g.*, Docket No. [27] ¶ 153 ("The Board's statement to which reference is made in ¶ 143 is incorrect, because many factors influence whether a reproducible dose is administered to the bloodstream by insulin inhalation, even if the same amount of insulin is aerosolized in a device in the same manner each time"), as well as statements that are not attributed to a particular source and thus appear to be conclusions rather than facts, *see id.* ¶ 167 ("Given the narrow therapeutic range within which insulin must be administered, such experimentation would be unethical and dangerous.").

The Court's October 19, 2007 Revised Scheduling and Procedures Order, as well as its oral instructions during the February 29, 2008 Status Conference in this matter, made clear that the parties' statement of material facts were to include concise, individually numbered paragraphs containing only factual assertions, and not legal conclusions or legal arguments. *See* Docket No. [22]. The Court also made clear that, in responding to a statement of material facts, the opposing party was required to specifically admit or deny each paragraph, again avoiding legal argument and conclusions. The Court notes that the USPTO's Statement of Material Facts in support of its Cross-Motion for Summary Judgment appears to comply with this Court's Order and the Local Civil Rules. *See* Docket No. [29-3]. The Court declines to allow this issue to be resolved through the motions to strike that Novo proposes. Instead, as both Novo's opening Statement of Material Facts and the USPTO's Response to that statement fail to comply with the Local Civil Rules and this Court's Order, the Court shall strike both of those documents and

enter the following orders.

Accordingly, it is, this 28th day of May, 2008, hereby

**ORDERED** that Novo Nordisk A/S' [32] Motion for a Consented-To Extension of Time to Respond to Defendant USPTO's Combined Motion for Summary Judgment and Opposition to the Motion for Summary Judgment of Plaintiff Novo Nordisk A/S is GRANTED-IN-PART and DENIED-IN-PART; it is further

**ORDERED** that Novo's opening Statement of Material Facts, Docket No. [27] at 41-74, and the USPTO's Response to that statement, Docket No. [30-2] shall be stricken; it is further

**ORDERED** that, as Novo's [27] Motion for Summary Judgment relies upon its stricken Statement of Facts, the Court shall DENY that Motion WITHOUT PREJUDICE; it is further

**ORDERED** that Novo shall revise its opening Statement of Facts and shall file a revised Statement of Facts, along with a revised Motion for Summary Judgment reflecting its revised Statement of Facts, on or before June 18, 2008; it is further

**ORDERED** that the USPTO's [30] Opposition to Novo's Motion for Summary Judgment shall be stricken, as it relies upon Novo's original Statement of Material Facts and the USPTO's stricken Response to that statement; it is further

**ORDERED** that the USPTO shall file a Response to Novo's revised Statement of Material Facts, as well as an Opposition to Novo's revised Motion for Summary Judgment on or before July 9, 2008; it is further

**ORDERED** that Novo shall file its Reply in support of its revised Motion for Summary Judgment on or before July 23, 2008; it is further

**ORDERED** that, as the USPTO's opening Statement of Material Facts in support of its Cross-Motion for Summary Judgment complies with the Local Civil Rules and this Court's

Order, briefing on that Cross-Motion shall proceed as set forth in the Court's February 29, 2008 Order, *see* Docket No. [26].

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge